

# The Attorney General of Texas

March 24, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Homer A. Foerster
Executive Director
State Purchasing and General
  Services Commission
L.B.J. Building
P. O. Box 13047, Capitol Station
Austin, Texas  78711

Opinion No.  MW-461

Re:   Whether State Purchasing
and General Services Commission
may charge for copies of bid
tabulations after they are sent
out

Dear Mr. Foerster:

You have requested an opinion on whether the State Purchasing and General Services Commission may charge for copies of bid tabulations after they are sent out pursuant to open records requirements.

The Open Records Act allows agencies to charge for reproductions of public records requested by members of the public. V.T.C.S. art. 6252-17a, §9. Your request states that the State Purchasing and General Services Commission would like to implement a computerized system of supplying copies of certain documents. Charges for such copies would be accumulated and billed to the requesting party at the close of each month to provide an efficient and expeditious means of handling the open records requests. You further state that if the service to a particular party proves to be voluminous and costly, a bid deposit will be required to cover the cost of at least three months service.

The basic question which must be answered is whether the proposed system of billing after the copies have been sent out constitutes a violation of article III, section 50 of the Texas Constitution. Section 50 provides:

> The Legislature shall have no power to give or to lend, or to authorize the giving or lending, of the credit of the State in aid of, or to any person, association or corporation, whether municipal or other, or to pledge the credit of State in any manner whatsoever, for the payment of the liabilities, present or prospective, of any individual, association of individuals, municipal or other corporation whatsoever.

You have advised that the state auditor has relied upon Attorney General Opinion R-2358 (1951), since 1951 to take audit exception to other state agencies' practices similar to that which you propose. Attorney General Opinion R-2358 (1951) states, with regard to section 50 of article III, that "our laws contemplate, it seems, that State offices or enterprises, the management of which requires the collection of public funds or charges, should be operated on a cash basis." To defer the payments of charges for copies of public records by means of a monthly billing of the accumulated charges is just such an extension of the state's credit which is constitutionally proscribed. Although the State Purchasing and General Services Commission might benefit from reduced administrative costs through utilization of the deferred payment arrangement, the potential for default of payment cannot be overlooked. Administrative expediency cannot override constitutional limitations.

You have directed our attention to McCarty v. James, 453 S.W.2d 220 (Tex. Civ. App. - Austin 1970, no writ), as precedent for the deferred billing plan. In that case, the court of civil appeals held that an act of the legislature which required that payment in full for cigarette tax stamps be made within fifteen days from the date the stamps were received by the distributor did not violate section 50 of article III of the Texas Constitution for the reason that it was not an extension of credit to anyone owing a debt to the state of Texas. The court determined that the distributor was a tax collector of a tax upon the transaction which was collectible from the consumer. The distributor was in much the same role as a retailer of items taxable under the Sales, Excise and Use Tax, article 20.01, Taxation-General. The court stated:

> The Legislature, in this instance, has made, and commendably we believe, an effort to partially relieve the burden of the purchaser of cigarette stamps required to pay in advance a tax which he does not owe by granting him fifteen days of grace within which to recoup the cost of the stamps or the tax which they represent.

The crucial distinction between the situation in McCarty v. James, supra, and the plan to defer payment which you propose is that the party requesting a copy of the public record pursuant to article 6252-17a is the very party who owes the state for the service, whereas the person paying for cigarette stamps is merely responsible for collecting the tax from the consumer who owes it.

Your proposal includes the requirement of a deposit, pursuant to section 11 of article 6151-17a to cover the cost of at least three months service from parties whose request for copies are voluminous and costly. Section 11 is captioned "Bond for payment of costs for preparation of public records or cash prepayment," and provides:

> A bond for payment of costs for the preparation of such public records, or a prepayment in cash of the anticipated costs for the preparation of such records, may be required by the head of the department or agency as a condition precedent to the preparation of such record where the record is unduly costly and its reproduction would cause undue hardship to the department or agency if the costs were not paid.

The bond or cash prepayment provision is a measure designed to protect an agency from the unnecessary use of man-hours, equipment, and supplies in preparing public records in the event that the requesting party withdraws its request or refuses to pay for the records when they are ready. The procedure is completely in keeping with the purpose of article III, section 50 of the Texas Constitution. Such a procedure may be implemented by the State Purchasing and General Services Commission.

## SUMMARY

> Article III, section 50 of the Texas Constitution prohibits the State Purchasing and General Services Commission from deferring until the end of each month the collection of charges for copies of public records. The commission may require a deposit to cover the cost of copying public records pursuant to section 11 of article 6252-17a, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Robert Gauss
Rick Gilpin